UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ST. JUDE MEDICAL S.C., INC.,

                Plaintiff,

vs.                              Case No. 2:06-cv-218-FtM-99DNF

BIOTRONIK, INC.,
                Defendant.
_____

**OPINION AND ORDER**

This matter comes before the Court on Plaintiff St. Jude's Emergency Motion for Remand and Memorandum of Law in Support Thereof (Doc. #4) filed on May 3, 2006. Defendant Biotronik, Inc. filed its Response on May 5, 2006. (Doc. #8.) Also before the Court are Biotronik's Motion to Dismiss for Failure to Join An Indispensable Party (Doc. #10), to which St. Jude filed an Opposition (Doc. #22), and Biotronik's Motion to Dissolve Injunction (Doc. #26), to which St. Jude filed an Opposition (Doc. #31). For the reasons set forth below, all motions are denied.

**I.**

On April 4, 2006, plaintiff St. Jude Medical S.C., Inc. (St. Jude or plaintiff), a Minnesota corporation, filed a two count Complaint against defendant Biotronik, Inc. (Biotronik or defendant) alleging state law claims of tortious interference with business relationships. On the same day, St. Jude filed an Emergency Motion for Temporary Injunction, seeking to enjoin defendant Biotronik from employing David Brewer in a particular

geographic area in Florida.  On April 6, 2006, the state court conducted a hearing, granted the motion for temporary injunction, and instructed St. Jude to file a bond.

On April 10, 2006, Biotronik moved in state court to dissolve the injunction.  After hearing argument and witness testimony from both parties, on April 26, 2006, the state court denied Biotronik's motion to dissolve the injunction.  Two days later, Biotronik filed a Notice of Removal to remove the matter to federal court.

**II.**

Plaintiff contends that defendant's filing of the motion to dissolve the temporary injunction and participation in the state court hearing on the motion amounted to a waiver of its removal right.  The Court disagrees.

Removal jurisdiction exists only where the district court would have had original jurisdiction over the action.  28 U.S.C. § 1441(a); Darden v. Ford Consumer Fin. Co., Inc., 200 F.3d 753, 755 (11th Cir. 2000.)  A district court has subject matter jurisdiction over diversity cases pursuant to 28 U.S.C. § 1332, and it is undisputed that the requirements of § 1332 are satisfied in this case.  Removal is therefore appropriate unless the right was waived.

Litigating the case on its merits in state court may effectively waive a defendant's right to remove a state court case to federal court.  Yusefzadeh v. Nelson, Mullins, Riley & Scarborough, LLP, 365 F.3d 1244, 1246 (11th Cir. 2004).  This

requires that defendant take some substantial offensive or defensive action in the state court proceeding indicating a willingness to litigate in state court, and this is determined on a case-by-case basis. Yusefzadeh, 365 F.3d at 1246. The Court finds that defendant's participation in the state court proceedings regarding the temporary injunction were not such that its right to remove the case to federal court was waived. E.g., Johnston v. Tampa Sports Auth., 410 F. Supp. 2d 1143, 1145 (M.D. Fla. 2005). Therefore, the Court concludes that plaintiff's Motion for Remand should be denied.

### III.

Defendant seeks dismissal of the Complaint because plaintiff has failed to join its former employee as a defendant. The Complaint recites that "[t]he employee is not a defendant in this action due to an arbitration provision between the former employee and Plaintiff." (Doc. #2 ¶ 1.) The Court finds that the employee is not an indispensable party in this case.

The guidelines for joinder and indispensability are set forth in Rule 19 of the Federal Rules of Civil Procedure. Rule 19 provides a three part test. First, the court determines whether a party should be joined.[1] If so, the court asks whether joinder is

---

[1]Fed. R. Civ. P. 19(a) states as follows:

**Persons to be Joined if Feasible.** A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter
(continued...)

feasible. If it is, the party is to joined. If not, the court determines whether "in equity and good conscience," the action should continue without him or be dismissed. Fed. R. Civ. P. 19(b)[2]. Findings of indispensability must be based on stated pragmatic considerations, especially the effect on parties and on litigation. Provident Tradesmens Bank & Trust Co. v. Patterson, 390 U.S. 102, 106 (1968); In re Trocise, 116 F.3d 860, 865 (11th Cir. 1997). Rule 19 does not prevent the assertion of compelling

---

[1](...continued)
of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. . . .

[2]Fed. R. Civ. P. 19(b) states as follows:

**Determination by Court Whenever Joinder not Feasible.** If a person as described in subdivision (a)(1)-(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

substantive interests; it merely commands the courts to examine each controversy to make certain that the interests really exist. In re Torcise, 116 F.3d at 865-66. "To say a court 'must' dismiss in the absence of an indispensable party and that it 'cannot proceed' without him puts the matter the wrong way around: a court does not know whether a particular person is 'indispensable' until it has examined the situation to determine whether it can proceed without him." Id. at 866; Provident, 390 U.S. at 119.

While the subject matter of this case involves defendant's alleged tortious interference with plaintiff's noncompete agreement, the question of the validity of the subject contract with the former employee is unavoidably and inextricably interwoven with this alleged tort. If the noncompete agreement is invalid, there is no contract with which defendant could have interfered. It is clear that the former employee has an interest in the subject matter of this litigation.

Because the former employee initiated arbitration with St. Jude pursuant to their employment contract and to a federal court order, the Court finds that joinder of the subject employee is not feasible and will apply the Rule 19(b) nonexclusive factors. See Temple v. Synthes Corp., 498 U.S. 5 (1990)(holding that Rule 19(b) inquiry necessary only if party satisfies threshold requirement of Rule 19(a)). After weighing these factors, the Court concludes that the action should proceed between the parties before it, and the former employee is not a necessary party. First, the former

employee's interest in the subject dispute will not be significantly prejudiced if he is not joined in this lawsuit. The interests of the defendant and of the former employee are nearly identical. Specifically, defendant and the former employee both would like to demonstrate that the noncompete agreement between plaintiff and the former employee is invalid and unenforceable. On that issue, the Court perceives no different interest, and defendant could adequately protect the former employee's interest. Second, the Complaint charges defendant of interference with the contract, not a breach a contract by the former employee. Third, the arbitration agreement between plaintiff and the former employee does not require plaintiff to choose between foregoing any suit against defendant or violating the agreement with the former employee. To force plaintiff to join the former employee would be to direct violation of a federal order instructing that their separate dispute be resolved through arbitration.

The Court finds that the former employee is not an indispensable party. Therefore, the Motion to Dismiss is due to be denied.

**IV.**

Defendant seeks to dissolve the injunction issued in state court. In essence, defendant seeks to have this Court substitute its judgment for that of the state court judges. Having reviewed the file, the Court declines to do so. Defendant has put forth no good reason to dissolve the injunction as previously issued.

Accordingly, it is now

**ORDERED**:

1. Plaintiff St. Jude's Emergency Motion for Remand (Doc. #4) is **DENIED**.

2. Biotronik's Motion to Dismiss for Failure to Join An Indispensable Party (Doc. # 10) is **DENIED**.

3. Biotronik's Motion to Dissolve Injunction (Doc. #26) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this ___1st___ day of September, 2006.

_____
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record