UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION


ST. JUDE MEDICAL S.C., INC.,

        Plaintiff,

vs.                        Case No.  2:06-cv-218-FtM-99DNF

BIOTRONIK, INC.,

        Defendant.

_____


**OPINION AND ORDER**

_____This matter comes before the Court on Defendant Biotronik's Emergency Motion to Enjoin and Supporting Memorandum of Law (Doc. #45) filed on October 27, 2006.  Plaintiff St. Jude Medical S.C., Inc.'s filed its Response in opposition on November 13, 2006. (Doc. #49.)

The Complaint was originally filed in the Circuit Court of the Twentieth Judicial Circuit in and for Charlotte County, Florida, on April 4, 2006.  On the same day, plaintiff filed an emergency request for a temporary injunction, which the state court granted. Subsequently, defendant moved to dissolve the injunction, and the state court conducted a two day evidentiary hearing.  The state court denied defendant's motion to dissolve.

On April 27, 2006, defendant timely removed the matter to federal court, and filed a copy of the Notice of Removal with the

Clerk of the state court.  (Doc. #1, ¶ 8.)  On October 11, 2006,
plaintiff filed a Motion to Hold Defendants in Contempt in state
court (Doc. #45-2), and unilaterally scheduled it for a hearing in
state court on December 4, 2006.  Plaintiff asserts that the
"relief requested by St. Jude is to recover its attorney's fees
incurred defending against Biotronik's motion to dissolve that was
tainted by the false and perjurious testimony."  (Doc. #49, p. 7.)
Defendant requests an order to enjoin the state court and plaintiff
from proceeding in the December 4, 2006 contempt hearing.

It is well established that "after removal, the jurisdiction
of the state court absolutely ceases and the state court has a duty
not to proceed any further in the case." Maseda v. Honda Motor
Co., Ltd., 861 F.2d 1248, 1254 (11th Cir. 1988); see also Lowe v.
Jacobs, 243 F.3d 432, 433 (5th Cir. 1957)(finding plaintiff was
properly enjoined by federal court from proceeding in state
court)[1].  However inconvenient, it is therefore clear that the
federal court has sole jurisdiction over this case, and that the
state court's authority to entertain any of the issues arising from
this case ceased at the time the action was properly removed to
federal court.  The Court finds no basis for any exception to the
jurisdictional rule, and no basis which would preclude the
requested injunction.  It is well-settled "that the Anti-Injunction

---

[1]The Eleventh Circuit, in Bonner v. City of Prichard, adopted
as binding precedent the decisions of the former Fifth Circuit
rendered before October 1, 1981.  661 F.2d 1206, 1209 (11th Cir.
1981).

Act allows a district court to enjoin proceedings in a state case that has been removed to federal court." <u>Peterson v. BMI Refractories</u>, 124 F.3d 1386, 1395 (11th Cir. 1997)(citing <u>Maseda</u>, 861 F.2d at 1254-55).  The Court will deny defendant's request to enjoin the state court because defendant represents that the hearing was scheduled unilaterally by plaintiffs, not the state court, and the Court will not lightly assume the state court will proceed on a case that has been properly removed to federal court.

Accordingly, it is now

**ORDERED:**

Defendant Biotronik's Emergency Motion to Enjoin (Doc. #45) is **GRANTED IN PART AND DENIED IN PART.**  Plaintiff St. Jude Medical S.C., Inc. is enjoined from proceeding in any fashion in state court on its Motion to Hold Biotronik and David Brewer in Contempt filed in state court.  The motion is otherwise denied.

**DONE AND ORDERED** at Fort Myers, Florida, this ___15th___ day of November, 2006.

JOHN E. STEELE
United States District Judge

Copies:

Hon. Peter A. Bell
County Judge, Charlotte County

Parties of Record