```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION

ST. JUDE MEDICAL S.C., INC.,

             Plaintiff,

vs.                                  Case No.   2:06-cv-218-FtM-99DNF

BIOTRONIK, INC.,

             Defendant.
_____
```

**OPINION AND ORDER**

This matter comes before the Court on Defendant's Motion to Dissolve Injunction (Doc. #52), filed on January 8, 2007. Plaintiff filed a Response on January 26, 2007. (Doc. #56.) Also before the Court is St. Jude's Motion for Leave to File St. Jude's Notice of Supplemental Evidence in Further Support of Preliminary Injunction (Doc. #59), to which Biotronik filed an Opposition (Doc. #60).

**I.**

St. Jude Medical S.C., Inc. (St. Jude), a Minnesota corporation, hired David Brewer (Brewer) in 2004 as a medical equipment sales representative in Southwest Florida. Brewer's employment contract was for an initial term of three years with an automatic renewal term of two years, concluding on March 31, 2009. (Doc. #2, ¶9.) The contract had a "Non-Competition" provision which provided that for a period of one year after the termination of his employment with St. Jude, Brewer would not (a) accept

employment or an independent contractor relationship with a competitor; (b) solicit the sale or support the implantation of a competitive product for a customer he contacted during the last year of his employment; or (c) attempt to influence a customer he contacted during the last year of his employment. (Doc. #2-2, p. 4.)

On January 20, 2006, St. Jude became aware that Biotronik Inc. (Biotronik), one of their rivals, was attempting to recruit Brewer for a sales representative position. Upon becoming aware of Biotronik's recruitment of Brewer, St. Jude's Vice President and General Counsel sent a cease-and-desist letter. The letter, in relevant part, provided that "Brewer has a term of years Employment Agreement with St. Jude Medical. The term of the Agreement commenced on April 1, 2004 and continues through March 31, 2009. Mr. Brewer may not terminate his employment with St. Jude Medical during this five year term." (Doc. #2-4.) On February 6, 2006 Brewer resigned from St. Jude, with February 17, 2006 as his last day. (Doc. #2-5.) Immediately thereafter, Brewer signed with Biotronik, and continues to work there to this day.

On April 4, 2006, St. Jude filed a two count complaint in state court against defendant Biotronik, alleging state law claims of tortious interference with a covenant not to compete and tortious interference with a term of years contract. (Doc. #2.) On the same day, St. Jude filed an Emergency Motion for Temporary

-2-

Injunction, seeking to enjoin defendant Biotronik from employing David Brewer in a particular geographic area in Florida.

On April 6, 2006, the Circuit Court of the 20th Judicial Circuit in and for Charlotte County, Florida issued an injunction barring Biotronik "from continuing to employ Brewer in any capacity where Brewer has any contact with the following St. Jude Medical Hospital customers or the physicians or other staff who work at the hospitals."  (Doc. #22-3, p. 6.)  On April 21 and 26, 2006, the Circuit Court held hearings to determine whether to dissolve the injunction.  The Circuit Court ruled that the bond be increased to $50,000 and modified the temporary injunction by making it effective for a two-year period. (Doc. #4, p. 4.)  Two days later, Biotronik filed a Notice of Removal to remove the matter to federal court.

On September 11, 2006, an arbitrator ruled that the non-compete provision of Brewer's employment contract was invalid in its entirety.  However, the arbitrator did not reach a decision on the term of years clause, as he found that "the contract language is ambiguous and that the intent of the parties cannot be determined without parole evidence."  (Doc. #52-2, p. 13.)

**II.**

Defendant Biotronik now seeks to dissolve the injunction. St. Jude agrees that the injunction cannot continue as to Count I, tortious interference with the non-compete provision which has now

been found to be invalid. (Doc. #56, p. 4.) Therefore, the Court will only examine whether the injunction should be dissolved as to Count II, tortious interference with the term of years contract.

To obtain an injunction based on a claim of tortious interference with a business relationship, plaintiff must show "(1) a clear legal right or interest in the subject matter of the suit, (2) a substantial likelihood of success on the merits, and (3) the likelihood of irreparable harm because of the unavailability of an adequate remedy at law." <u>Advantage Digital Sys., Inc. v. Digital Imaging Servs., Inc.</u>, 870 So. 2d 111, 115-16 (Fla. 2d DCA 2004)(citation omitted.) The Court assumes that plaintiff met this burden in state court. An injunction may be dissolved, however, if the movant establishes that the circumstances justifying the injunction have changed so that the injunction is not longer equitable. <u>Elias v. Steele</u>, 940 So. 2d 495, 497 (Fla. 3d DCA 2006). A trial court has broad discretion in deciding whether to dissolve an injunction. <u>Id.</u>

In this case the circumstances have changed and plaintiff is no longer entitled to injunctive relief. The only claim upon which the injunction is now premised is tortious interference with Brewer's term of years employment contract. The claimed interference was soliciting and hiring Brewer away from St. Jude's. By its very nature, an injunction can only restrain the commission of future injury, and cannot prevent what has already occurred. <u>Advantage Digital Sys., Inc.</u>, 870 So. 2d at 116; <u>City of Coral</u>

Springs v. Florida Nat'l Properties, Inc., 340 So. 2d 1271, 1272 (Fla. 4th DCA 1976); Alabama v. U.S. Army Corps of Eng'rs, 424 F.3d 1117, 1133 (11th Cir. 2005). St. Jude has an adequate remedy at law for money damages if it prevails on its intentional interference claim, and the Court rejects its characterization of the wrongful conduct as continuing.

Accordingly, it is now

**ORDERED**:

1. Biotronik's Motion to Dissolve Injunction (Doc. #52) is **GRANTED**.

2. Motion for Leave to File St. Jude's Notice of Supplemental Evidence in Further Support of Preliminary Injunction (Doc. #59) is **DENIED** as **MOOT**.[1]

**DONE AND ORDERED** at Fort Myers, Florida, this   22nd   day of February, 2007.

JOHN E. STEELE
United States District Judge

Copies: Counsel of record

---

[1] The Court notes that even if the Motion were not moot, it would have been denied for violating M.D. Fla. L.R. 3.01(d).